O'BRIEN v. MICHIGAN BONDING & SURETY CO.

INTOXICATING LIQUORS—CIVIL-DAMAGE ACT—TRIAL — EVIDENCE —
SUFFICIENCY—DIRECTED VERDICT.
> In an action for damages under the civil-damage act, evi-
> dence examined, and *held*, insufficient to present a ques-
> tion for the jury, and that defendant's motion for a di-
> rected verdict should have been granted.

Error to Houghton; O'Brien, J.   Submitted April
5, 1918.   (Docket No. 39.)   Decided June 3, 1918.

Case by Katherine O'Brien against the Michigan
Bonding & Surety Company and another under the
civil-damage act for an illegal sale of liquor.   Judg-
ment for plaintiff.   Defendants bring error.   Re-
versed.

*A. F. Bunting* and *Galbraith & McCormack*, for ap-
pellants.

*MacDonald & Kerr*, for appellee.

BROOKE, J.   Plaintiff recovered a judgment of $2,-
000 against the defendants as damages growing out
of an alleged illegal sale of liquor to one Lancour.   In
her declaration it is averred that the defendant Nel-
son sold intoxicating liquor to said Lancour after he
was intoxicated, and that said liquor so unlawfully
sold caused and contributed to the intoxication of said
Lancour, who, while so intoxicated, made an assault
upon one James O'Brien, a son of the plaintiff, which
resulted in the death of said O'Brien.   There are some
31 assignments of error which it will not be neces-
sary to consider *seriatim*.   At the close of the plain-
tiff's case, and again when the testimony was closed,
defendant's counsel moved for a directed verdict upon

the ground that no evidence had been introduced tending to prove that Lancour was intoxicated at the time the assault was made, or that defendant Nelson had sold him intoxicating liquors after he was intoxicated, in contravention of the statute.

We have read this record with care and have no hesitation in saying that this motion should have been granted upon the evidence as it stood at the close of the plaintiff's case. No witness for the plaintiff swore that Lancour was intoxicated at any time on the day in question, and no witness testified that any sale of intoxicating liquors was made by defendant Nelson or his agent to Lancour after he was intoxicated. There is evidence introduced on behalf of plaintiff that during the day in question Lancour was seen to drink one or two glasses of beer. It is asserted by counsel for plaintiff that the witness Merrill testified that Lancour drank enough in the afternoon to become intoxicated. Merrill testified:

"I couldn't say just how much he did drink. He had a glass of beer occasionally, but I didn't see that he was a drinking man. I know he wasn't. * * * I saw him take some drinks."

On cross-examination he said:

"I seen him take one or two glasses of beer that I can recollect, and further than that I have no recollection. * * * During the time I knew Lancour I had never seen him under the influence of liquor."

The witness Sheppi testified that he had a few drinks; that they were all drinking together, Lancour with the rest. The witness Davis testified that he saw Lancour take one glass of beer. The witness Smith testified that he could not say that Lancour took a drink; could not swear to that. On cross-examination he testified that he had never seen Lancour drunk and had never seen him take more than one or two glasses of beer, and that at no time during the day did Lan-

cour show any evidence of being drunk. The witness Davis, being recalled, testified that he saw no evidence of intoxication in Lancour. This is all the evidence contained in the record, either as to the intoxication of Lancour or as to the fact that intoxicating liquor was sold to him by defendant Nelson or his agent, ·after such intoxication.

We are of opinion that under this testimony it was improper for the court to submit the controlling questions to the jury.

The judgment is reversed, with costs, and a new trial ordered.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.