NYLUND v. GEMO.

1. INTOXICATING LIQUORS—FURNISHING LIQUOR TO INTOXICATED PERSONS—PROXIMATE CAUSE—EVIDENCE.

In action by pedestrian's widow against tavern operator and indemnitor under his statutory bond to recover for death of her husband who was struck by another patron's car on ground that defendant operator had furnished intoxicating liquor to her husband while in an intoxicated condition and that intoxicating liquor had been furnished to the motorist, finding of trial court that there was no evidence that defendant operator had furnished liquor to the husband or that the motorist was intoxicated when he struck decedent *held*, supported by record (Act No. 8, § 22, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937).

Liability for creating a situation involving unreasonable risk to another, see 2 Restatement, Torts, § 302 (b).

Rules on causal relation necessary to establish liability, see 2 Restatement, Torts, § 430, comment a, and § 433, and as to elements of a cause of action for negligence, see 2 Restatement, Torts, § 281.

2. NEGLIGENCE—PROXIMATE CAUSE—BURDEN OF PROOF.

Plaintiff has the burden of proving the negligence of defendant and must establish a direct connection between such negligence and the injury to plaintiff, not by a showing that the injury may have resulted from defendant's acts but that that fact follows as a reasonable inference from basic facts and circumstances.

Appeal from Iron; Bell (Frank A.), J. Submitted June 13, 1940. (Docket No. 88, Calendar No. 41,199.) Decided October 7, 1940.

Case by Anna Nylund against Julius Gemo and St. Paul Mercury Indemnity Company, a foreign corporation, for damages arising from the unlawful sale of intoxicating liquors. Judgment for defendant. Plaintiff appeals. Affirmed.

*Ray Derham,* for plaintiff.

*Leigh C. Caswell,* for defendant Julius Gemo.

*C. D. Dwyer,* for defendant St. Paul Mercury Indemnity Company.

SHARPE, J. This action is brought by plaintiff under Act No. 8, § 22, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 9209-37, Stat. Ann. § 18.993), for the death of her husband on September 25, 1938. Plaintiff's husband was fatally injured by being struck by an automobile driven by Joe Altman. Defendant Gemo conducted a tavern on highway M-69 about one-half mile east of the city of Crystal Falls.

On the evening of September 24th, Nylund was seen on the streets of Crystal Falls between 7 and 8 p.m. At 10 p.m., he was at Gemo's tavern and remained there until about the hour of 1:30 a.m. of September 25th, when he started to walk to Crys-

tal Falls. It also appears that on the evening of September 24th, Joe Altman and one Ketola were in Crystal Falls. They arrived at Gemo's tavern at about the hour of 9:30 p.m., and remained there until 1:30 the following morning when they began their return to Crystal Falls. About one-fourth of a mile from Gemo's tavern they overtook and struck John Nylund, plaintiff's husband, who was walking on the highway. As a result of this accident John Nylund was killed and plaintiff brings suit against Julius Gemo as principal and St. Paul Mercury Indemnity Company on a bond pursuant to Act No. 8, § 22, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937.

When the cause came on for trial and at the close of plaintiff's testimony, defendants made a motion for a directed verdict upon the ground that there was no evidence shown that defendant Gemo at any time during the evening of September 24th sold, furnished or gave to the deceased, Nylund, any intoxicating liquors, or that any intoxicating liquor was sold, given or furnished to Joe Altman while he, the said Joe Altman, was in an intoxicated condition.

The trial court granted defendants' motion and plaintiff appeals. Plaintiff contends that the trial court erred in ruling that there was no evidence that defendant Gemo sold, gave or furnished intoxicating liquor to plaintiff's decedent on the night of September 24th or the early morning of September 25, 1938.

As we examine the record, we find evidence that deceased was seen in Crystal Falls at about the hour of 8 p.m., during the evening of September 24th; that at that time he appeared to be sober; that at 10 p.m. of the same evening he was in defendant's tavern in an intoxicated condition; that between the

hours of 10 and 11 p.m., decedent was seen dancing around by himself and "hollering" to himself; that at about midnight deceased was seen drinking what purported to be a glass of beer while standing in the middle of the floor; that at 1:15 a.m., deceased was sitting at a table with a glass of beer in front of him; and that at a later time he was struck by an automobile while walking near the center line of a pavement on a trunk line highway.

Plaintiff urges that the above testimony presents a question of fact as to whether or not defendant Gemo or his servants furnished liquor to deceased; and relies upon *Lockard* v. *Van Alstyne,* 155 Mich. 507; *Baessler* v. *Foster,* 159 Mich. 513; and *Ryerson* v. *Phelps,* 163 Mich. 237, to sustain her theory that liquor was furnished to deceased with the knowledge or consent of defendant. We have examined the above cases and are content to say that in each case there is affirmative proof of a sale of liquor, while in the case at bar there is no positive proof of a sale of liquor to deceased.

The trial court in granting defendants' motion for directed verdict, said:

"There is absolutely nothing to show that the defendant Gemo sold, gave or delivered that beer to him. Quite on the contrary there is testimony here that there was a crowd there; that there were many people around. It might just as well be said that that beer might have been given to him by somebody else, or he picked it up off a table when somebody left it. So to leave it to you to say that the defendant Gemo here sold beer, or furnished beer, or gave beer to the defendant, would be to turn you out entirely in the field of guess-work, and that the court cannot do."

We are in accord with the finding of fact by the trial court. It is apparent that deceased was en-

joying himself at the tavern on the night in question, but the record is barren of any evidence that defendant Gemo or his employees furnished him any intoxicating liquors.

It is next urged that Joe Altman was intoxicated as a result of liquor furnished him by defendant Gemo. The record shows Joe Altman was in defendant's tavern approximately four hours immediately preceding the accident; that while in the tavern he had one drink of beer; that after he left the tavern he had an accident in the parking lot; that he and his companion then got into the car and proceeded toward Crystal Falls at a speed of about 40 to 45 miles per hour and after traveling for some distance the accident occurred. The evidence shows that Altman was driving west in the center of his part of the road.

In our opinion the record does not sustain the claim of plaintiff that Joe Altman was intoxicated or under the influence of liquor at the time of the fatal accident.

We think the language used in *Broudy* v. *Railway*, 184 Mich. 330, 340, finds an appropriate place in this opinion:

"It is elementary that the burden is upon the plaintiff to establish by competent evidence not only the negligence of the defendant, but also to establish a direct connection between such negligence and the injury. The plaintiff does not sustain such burden by showing that the injury may have resulted from the defendant's acts, but he must at least show that that fact follows as a reasonable inference from the basic facts and circumstances. Whenever it is necessary to aid such proven basic facts and circumstances by conjecture, plaintiff must be held to have failed in his proof. *Byerly* v. *Light, Power & Ice*

*Co.,* 130 Mo. App. 593 (109 S. W. 1065) ; and *Cressler v. Paper Co.,* 181 Mich. 422.''

The trial court was correct in directing a verdict for defendants and the same is affirmed, with costs to defendants.

BUSHNELL, C. J., and BOYLES, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.