## EISENZIMMER *v.* CONTOS.

1. INTOXICATING LIQUORS—DRAMSHOP ACT—UNLAWFUL SALE.

    An unlawful sale of intoxicating liquor by defendant liquor licensee to decedent host driver, who is alleged to have caused fatal injuries to plaintiffs' decedent, must be shown in order to impose liability under the dramshop act in action for damages alleged to have resulted from death of plaintiffs' decedent in automobile accident when car left road and hit a tree, and driver is alleged to have been intoxicated at time liquor was sold to him by defendants (CL 1948, § 436.22, as amended by PA 1958, No 152).

2. SAME—DIRECTED VERDICT—DRAMSHOP ACT—UNLAWFUL SALE—EVIDENCE.

    Direction of verdict for defendant tavern owners in action under dramshop act for damages resulting from death of plaintiffs' decedent at conclusion of all proofs *held*, proper, where record reveals no positive or circumstantial evidence that the defendant sold, gave, or delivered alcoholic beverages to decedent host motorist while he was intoxicated (CL 1948, § 436.22, as amended by PA 1958, No 152).

Appeal from Genesee; Baker (John W.), J. Submitted Division 2 May 10, 1966, at Lansing. (Docket No. 473.) Decided October 25, 1966. Leave to appeal granted by Supreme Court January 10, 1967. See 378 Mich 747, 379 Mich 656.

Complaint by Rochus Eisenzimmer, individually and as guardian of estate of Joyce Ann Wills, and Hattie Eisenzimmer against John Contos, Gust Contos, and James Contos, doing business as Contos

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur, Intoxicating Liquors §§ 537, 557.
[2] 30 Am Jur, Intoxicating Liquors §§ 537, 556, 561.

Cocktail Lounge, jointly and severally, for damages under the dramshop act resulting from the death of Jo Ann Wills, mother of Joyce Ann Wills, in an automobile accident. Directed verdict and judgment for defendants. Plaintiffs appeal. Affirmed.

*C. Robert Beltz,* for plaintiffs.

*Milliken & Magee,* for defendants.

Burns, J. This action was brought under CL 1948, § 436.22, as amended by PA 1958, No 152 (Stat Ann 1959 Cum Supp § 18.993)* for the loss caused by the death of Jo Ann Wills. At the conclusion of proofs the trial judge granted a motion for a directed verdict of no cause of action.

The appellants assert the trial court erred in directing a verdict of no cause of action, claiming there was sufficient evidence to present a jury question.

The deceased was killed as a result of an automobile accident when a car driven by Thomas Sutton, in which she was a passenger, left the highway and struck a tree, at approximately 3 o'clock in the morning on April 14, 1961.

Appellants established that Thomas Sutton entered Contos Bar between 9 and 10 p.m., April 13, 1961. He was served 3 drinks from the time he entered and 12 o'clock midnight. There is testimony that sometime between 10:30 p.m. and 1 a.m. of the following morning he left Contos Bar and went across the street to the Office Lounge, returning to Contos Bar later in the evening. John W. Brooks, a musician at the Office Lounge, testified that Sutton was loud and boisterous at the Office Lounge in contrast to his usual personality, which was quiet and reserved. Brooks would not say that Sutton

---

* See, currently, CLS 1961, § 436.22 (Stat Ann 1965 Cum Supp § 18.993).

was drunk, but he did state that he was "schnock-ered." Brooks also testified that Sutton was ac-companied by a red-haired woman. Jo Ann Wills did not have red hair. There is no doubt that Sutton sat at Contos Bar with Jo Ann Wills until it closed. She was a barmaid at Contos Bar and had worked until 12 midnight.

After Contos closed, Sutton and the deceased went to the Rose Bowl restaurant to have coffee, and while they were en route to her home, approximately 10 miles north of the restaurant, Sutton's car left the road on a sharp curve.

The strongest testimony offered by the appellant was that of Jacqueline Shepard, a waitress at the Contos Bar, who testified, after her memory was refreshed from a deposition taken a year before, as follows:

"*Q.* I will ask you again: Did you recall Aggie, Mrs. Hendrix, [Mrs. Hendrix was the barmaid on duty at Contos Bar the night of the accident] say anything about the condition of Mr. Sutton the night before the accident?
"*A.* Yes. It was what she was worried about, because she considered the fact that he was drunk, and that she served him.
"*Q.* Did she say she thought that he was?
"*A.* Yes."

However, when cross-examined by appellees' counsel at the deposition, the witness stated she could not remember exactly what Mrs. Hendrix had said the next day.

The only persons present in the defendants' estab-lishment on the tragic night who testified, were Jacqueline Shepard, Juanita Varner, and Agnes Hendrix. They all testified they only knew of 3 drinks being served to Sutton, and that he was not served any drinks after 12 midnight. There is

absolutely nothing in the record to establish that the defendants sold, gave, or delivered any drinks to Sutton while he was intoxicated.

Liability in this case must be predicated upon proof of a sale to Sutton while he was in an intoxicated condition. *Nylund* v. *Gemo* (1940), 295 Mich 75; *Juckniess* v. *Supinger* (1949), 323 Mich 566.

The trial judge found as a matter of fact:

"There is no evidence that deceased Sutton when he was intoxicated was sold alcoholic beverages at defendants' bar."

We have carefully reviewed the record and concur in the trial court's conclusion. There being no positive or circumstantial evidence of such a sale, the action must fail as a matter of law.

Judgment affirmed. Costs to appellees.

McGregor, P. J., and Quinn, J., concurred.