LUBERSKI v NORTH

Docket No. 83427. Submitted November 11, 1985, at Detroit.—Decided February 3, 1986. Leave to appeal applied for.

Plaintiff, Rose E. Luberski, filed suit in Wayne Circuit Court for damages against defendants, Carmen North and Sheila Thorne, doing business as Adams Corner, and Ohio Casualty Insurance Company, under the dramshop act. Plaintiff's son was found dead four hours after he left Adams Corner. Plaintiff sought recovery for loss of her son's love, support, companionship and society, and for the expenses she incurred for her son's funeral. She alleged that the alcohol served to her son by defendants was a proximate cause of his death and her resulting injuries. Defendants moved for summary judgment contending that plaintiff had failed to state a claim upon which relief could be granted. The circuit court, Michael J. Talbot, J., granted defendants' motion after ruling that plaintiff had not alleged that she had been injured by a visibly intoxicated person as required by the dramshop act. Plaintiff appealed. *Held:*

1. While plaintiff's son could not himself have sued under the dramshop act since he was at fault in becoming intoxicated, his parents (plaintiff), children, or spouse can sue in their own names (for support, loss of companionship, etc.) as injured innocent parties under the dramshop act.

2. Plaintiff's son need not have been a tortfeasor in relation

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 561-614.

Am Jur 2d, Pleading §§ 71 *et seq.,* 226, 230 *et seq.*

Common-law right of action for damage sustained by plaintiff in consequence of sale or gift of intoxicating liquor or habit-forming drug to another. 97 ALR3d 528.

Contributory negligence allegedly contributing to cause of injury as defense in Civil Damages Act proceeding. 64 ALR3d 849.

Proof of causation of intoxication as a prerequisite to recovery under Civil Damage Act. 64 ALR3d 882.

See also the annotations in the ALR3d/4th Quick Index under Summary Judgment.

to plaintiff nor named and retained as party defendant in plaintiff's action.

3. Plaintiff's pleading properly alleged facts which, if proved at trial, will support an action under the dramshop act.

Reversed and remanded.

1. INTOXICATING LIQUORS — DRAMSHOP ACT — PARTIES — ACTIONS.

An action for damages commenced under the dramshop act may be brought in the name of a wife, husband, child or parent of an injured, intoxicated person even if the injured, intoxicated person cannot himself sue under the dramshop act (MCL 436.22[5]; MSA 18.993[5]).

2. INTOXICATING LIQUORS — DRAMSHOP ACT — NAME AND RETAIN REQUIREMENT.

A dramshop action may be maintained by an injured person without naming and retaining as a party defendant a close family member against whom he has no cause of action.

3. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES.

A motion for summary judgment on the ground that a party failed to state a claim upon which relief can be granted challenges the legal sufficiency of the pleadings alone and is to be tested by whether the claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1], now MCR 2.116[C][8]).

*Gottlieb & Goren, P.C.* (by *Helen Marie Weber*), for plaintiff.

*Ross B. Meretsky, P.C.* (by *Ross B. Meretsky)* for defendant.

Before: BEASLEY, P.J., and V. J. BRENNAN and CYNAR, JJ.

BEASLEY, P.J. On May 13, 1981, plaintiff, Rose E. Luberski, brought suit for damages against defendants Carmen North and Sheila Thorne, doing business as Adams Corner, and Ohio Casualty

Insurance Company under the Michigan dramshop statute.[1] The trial court granted defendants' motion for summary judgment under GCR 1963, 117.2(1), now MCR 2.116(C)(8), finding that plaintiff, as a matter of law, had not alleged that she had been "injured by a visibly intoxicated person" as required by the dramshop statute. Plaintiff appeals as of right.

The factual setting for this dramshop action is unusual, in that plaintiff is the mother of the intoxicated person and claims injury due to her 25-year-old son's death. On the evening of June 27, 1980, plaintiff's son was a patron at Adams Corner, defendants' bar. He was allegedly served while visibly intoxicated at defendants' bar. He left the bar and went home at approximately 2:00 a.m. At about 6:00 a.m., he was found dead in his home. An autopsy performed on him by the medical examiner revealed that he had died from narcotic abuse. Three types of intoxicants were found in the body—morphine, quinine, and alcohol.

Plaintiff brings this action under the dramshop statute in her own name, seeking recovery for loss of her son's love, support, companionship and society, and for the expenses she incurred for her son's funeral. Plaintiff alleges that, under the dramshop statute, the alcohol served to her son by defendants was a proximate cause of his death and her resulting injuries. Plaintiff points out that she was neither a patron in defendants' bar nor did she pay for the alcoholic beverages consumed by her son in defendants' bar.

At the outset, the trial court correctly noted that plaintiff's son could not maintain a dramshop action against defendants since he was at fault

[1] MCL 436.22(5); MSA 18.993(5).

himself in becoming intoxicated.[2] Based on this proposition, the trial court concluded that plaintiff-mother could not recover damages from defendants under the dramshop statute for her personal damages flowing from her intoxicated son's death. Specifically, the trial court held that, as a matter of law, plaintiff was not "injured in person or property, means of support or otherwise by a visibly intoxicated person", as required by § 5 of the dramshop statute. The trial court interpreted the 1973 case of *Pesola v Pawlowski*[3] to require the intoxicated person to be a tortfeasor in relation to the plaintiff in a dramshop action. Since, as a matter of law, plaintiff's son was not a tortfeasor inflicting a tort injury upon his mother (plaintiff), such as a car accident in which his mother was injured by his drunken driving, the trial court granted defendants' motion for summary judgment under GCR 1963, 117.2(1).

The trial court's application of the *Pesola* decision to this case was erroneous. In setting out the four requirements necessary for maintaining a dramshop action, the use of the term "tortfeasor" in *Pesola* did not constitute a fifth requirement. The term "tortfeasor" was merely used in order to apply the four requirements to the factual situation of the *Pesola* case where a tortfeasor definitely caused the plaintiff's injury.

Furthermore, the trial court's interpretation of *Pesola* is contrary to a line of cases in the Court which hold that the intoxicated person causing injury to a plaintiff in a dramshop action does not have to be a tortfeasor in relation to the plaintiff. This Court has clearly stated that, while an intoxicated person cannot himself sue under the dram-

---

[2] *Pesola v Pawlowski*, 45 Mich App 516; 206 NW2d 780 (1973); *Kangas v Suchorski*, 372 Mich 396; 126 NW2d 803 (1964).

[3] *Supra.*

shop act, his parents, children, or spouse can sue in their own names (for support, loss of companionship, etc.) as injured, innocent parties for purposes of the dramshop statute.[4]

This Court has addressed this issue in the recent opinion of *Newman v Hoholik,*[5] reaffirming the decisions in *Scholten v Rhoades*[6] and *Schutz v Murphy,*[7] noted above. In *Newman,* the Court then went on to address whether a 1972 amendment to the dramshop statute [MCL 436.22(5); MSA 18.993(5)] required the plaintiff to name and retain his father as a defendant, since his father was the intoxicated person who caused damage to plaintiff by his death, which resulted from intoxication.

In *Newman,* the Court found that plaintiff was not required, under *Putney v Haskins,*[8] to name his deceased father as a defendant in his dramshop action. The Court held that plaintiff could properly maintain a dramshop action against the bar owner (Hoholik) for loss of support and companionship in such a situation, saying:

"And since, in our opinion, it is, indeed, a good and sensible law which permits an injured person to maintain a dramshop action without naming and retaining as a party defendant a close family member against whom the plaintiff has no cause of action, we hold that John E. Newman was not required to name and retain his father in order to maintain his action against the defendant Hoholik." *Newman, supra,* p 72.

Therefore, in *Newman,* this Court reversed the

---

[4] *Scholten v Rhoades,* 67 Mich App 736, 740-741; 242 NW2d 509 (1976); *Ciemierek v Jim's Garage,* 90 Mich App 565, 569; 282 NW2d 396 (1979), lv den 407 Mich 870 (1979); *Schutz v Murphy,* 99 Mich App 386; 297 NW2d 676 (1980).

[5] 138 Mich App 66, 72; 359 NW2d 253 (1984).

[6] *Supra.*

[7] *Supra.*

[8] 414 Mich 181; 324 NW2d 729 (1982).

trial court's grant of summary judgment for the defendant bar owners under GCR 1963, 117.2(1).

Thus, *Newman* is authority for the proposition that, in the within case, the trial court erred in granting the defendants' motion for summary judgment under GCR 1963, 117.2(1). The dramshop statute states in relevant part:

"A wife, husband, child, parent, guardian, or other person injured in person, property, means of support, or otherwise, by a visibly intoxicated person by reason of the unlawful selling, giving, or furnishing of intoxicating liquor to the person, if the sale is proven to be a proximate cause of the injury or death, shall have a right of action in his or her name against the person who by the selling, giving, or furnishing the liquor has caused or contributed to the intoxication of the person or who has caused or contributed to the injury." MCL 436.22(5); MSA 18.993(5).

A motion based on GCR 1963, 117.2(1) challenges the legal sufficiency of the complaint and is to be considered by an examination of the pleadings alone.[9] Our review of plaintiff's pleadings in this case leads us to conclude that plaintiff has properly alleged facts which, if proved at trial, will support an action under the dramshop statute. Under the decisions of this Court noted above, plaintiff has sufficiently pled facts that establish she has been "injured in person or property, means of support, or otherwise, by a visibly intoxicated person".

We also note that under the present record in this case, material issues of fact do exist as to whether the consumption of alcohol was a proximate cause of the death of plaintiff's son. Thus, it

---

[9] *Palomba v City of East Detroit,* 112 Mich App 209, 215; 315 NW2d 898 (1982).

would appear that even if the trial court had granted defendants' motion for summary judgment under GCR 1963, 117.2(3), the ruling would have been erroneous.

Reversed and remanded.