## Archimedes Galbraith v. George Fleming.

60 403
80 446
60 403
112 514
60 403
s27NW 581
f132 ² 24

*Assault and battery—Suit for damages—If plaintiff testifies to making state-
ments to defendant leading to the affray, contents may be elicited on
cross-examination—Self-defense—When set up as a defense, quarrelsome
disposition of plaintiff may be shown—Also former assault—Not in
mitigation of damages, but may be considered by the jury in determining
who was the assailant—Or the belief of defendant as to danger of a
second assault—Engaging voluntarily in a fight precludes recovery by
plaintiff unless·beating was excessive—Both parties are amenable to the
State law.*

1. On the trial of an action of trespass to recover damages for an alleged
assault and battery, the plaintiff testified to *rehearsing* to the defend-
ant, just before the assault complained of, certain statements before
then made by him concerning the defendant and his wife, and *which*
was the inciting cause of the quarrel.

   *Held*, that it was competent, on cross-examination, to elicit from
the witness *what* it was that he rehearsed to the defendant.

2. In such a case, where the defendant seeks to justify the commission of
an assault upon the plaintiff as made in self-defense, the defendant
has the right to show the situation at the time and place of the
assault, as he honestly believed it to be. He may show the plaintiff
to be a high-tempered, quarrelsome, fighting man, who on another
occasion had assaulted him. Such evidence could not be used in
mitigation of damages, but *might* be considered in determining
which was the attacking party, or whether the defendant *believed* that
he was in danger of an attack from the plaintiff.

3. On the trial of a civil suit.for damages for assault and battery, the
court instructed the jury that "if the plaintiff voluntarily engaged
in the fight in the first instance for the sake of fighting, and not as
a means of self-defense, he could not recover unless the defendant
beat him excessively or unreasonably. "

   *Held*, that this was as favorable to the plaintiff as the law will per-
mit; that the law does not put a premium on fighting, and one who
voluntarily engages in it will not be afforded relief for his own wrong
in damages if he come out second best.

   *Held*, further, that while such voluntary act on the part of the
plaintiff would not preclude.the State from punishing him or the
defendant for a breach of the peace, it nevertheless prevents him
from recovering compensation for injuries received by. his own seek-
ing, and in violation of law.

Error to Sanilac. (Wixson, J.) Argued February 18, 1886. Decided April 8, 1886.

Trespass. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*George P. Voorheis*, for appellant :

Whether or not the plaintiff may have attacked the defendant at some previous time and place, or whether they have had trouble or not, could not be inquired into in this case : *Lee v. Woolsey*, 19 Johns. 319; *Jarvis v. Manlove*, 5 Harrington (Del.) 452 ; *Willis v. Forrest*, 2 Duer (N. Y.) 310 ; *Collins v. Todd*, 17 Mo. 537 ; *Tyson v. Booth*, 100 Mass. 258; *Avery v. Ray et al.*, 1 Mass. 11 ; *Jacobs v. Hoover*, 9 Minn. 204 ; *Castner v. Sliker*, 33 N. J. 95.

The court erred in charging the jury as follows:

" If the plaintiff voluntarily and intentionally engaged in the fight in the first instance for the sake of fighting, and *not* as a means of self-defense, he cannot recover unless the defendant beat him excessively or unreasonably; so, too, if the plaintiff used abusive and insulting language, and by his own conduct purposely brought on the attack, and thereby intentionally led the defendant to believe that he was in danger of an assault and battery from the plaintiff, the plaintiff cannot recover unless the beating was excessive."

In *Keyes v. Devlin*, 3d of E. D. Smith's, 518, it is held that mere words do not amount to an assault, and no words will justify an assault and battery; and in *Pulver v. Harris*, 61 Barb. 78, a case almost analagous to this, it was held that the jury could not take into consideration the truthfulness of the language used by the plaintiff. See, also, *McCall v. McDowall*, 1 Abbott's U. S. Reports, 212 ; 1 Sutherland on Damages, p. 227 ; *Collins v. Todd*, 17 Mo. 537.

*Divine & Babcock* and *A. R. Avery*, for defendant :

The proposition that "if plaintiff voluntarily engaged in the fight for the sake of fighting, he cannot recover," is correct as matter of law: *Elliott v. Brown*, 2 Wend. 497 ; *Pillow v. Bushnell*, 5 Barb. 156.

Morse, J. The plaintiff sued defendant in trespass for damages growing out of an alleged assault and battery. The jury found a verdict for defendant. Plaintiff brings error.

The plaintiff and defendant, who are brothers-in-law, met at the store of Jefferson Galbraith, at Amadore, Sanilac county, on the fourteenth day of July, 1882.   The plaintiff was at the rear end of the store, mailing some letters and reading newspapers, while defendant was sitting upon the counter in the front part of the store.   The defendant called the plaintiff to account for some words claimed by him to have been spoken by the plaintiff of defendant and defendant's wife, at Lexington, the day before.  A quarrel ensued ; the parties came together; blows were interchanged; and in the fight the plaintiff got the worst of it, and was more or less bruised and injured.

The plaintiff's theory upon the trial was that the assault upon him was causeless and unprovoked, while the defendant maintained that whatever he did was in self-defense, and in justifiable resistance to an attack of plaintiff.

Twenty-four errors are assigned in all, some of which were not pressed upon the argument, presumably because they were devoid of merit.

The counsel for defendant was permitted to inquire of plaintiff, on cross-examination, as to what he said at Lexington about the defendant and his wife. This is complained of and objected to as being no part of the *res gestæ*, and inadmissible for any purpose.

It appears, however, from the evidence, that this statement of the plaintiff's at Lexington was the cause of the quarrel ; and the plaintiff, on his direct examination, in giving his account of the beginning of the fight, testified that defendant said to him : "I would like you to say before my face what you said behind my back ; " and then plaintiff swears : " So, I rehearsed to him what I said."

It was therefore perfectly proper, on cross-examination, to elicit from the witness what it was that he " rehearsed " in the quarrel at the store.

It was also proper to ask the plaintiff, on cross-examination, if, before the parties came to blows, he did not assume a threatening attitude, and advance towards defendant, both for the purpose of showing the whole transaction, to which

the jury were entitled, and to show that he was the aggressor, or, at least, voluntarily engaged in the combat.

The defendant was permitted, against objection, to state what reason he had for apprehending an attack from plaintiff other than his advancing upon him ; and to testify, in that behalf, that plaintiff had, at another time before this, attacked him, and caught him by the throat, at which time he got away from him, as he did not want any fuss with him.

It is true, ordinarily, that previous acts, or causes of provocation, will not justify an assault and battery, if sufficient time has elapsed for the blood to cool ; but under the theory of the defense that the injuries complained of by the plaintiff were inflicted in self-defense, the defendant was entitled, under all the authorities, to show the situation at the store at the time of the assault, as he honestly believed it to be. He had a right to place before the jury the character of the plaintiff as he knew it to be ; to show him to be a high-tempered, quarrelsome, fighting man, whose anger and spite towards defendant had before led him to do exactly what defendant then feared he was about to do. · The defendant had a right to act upon his honest belief, and upon the circumstances as they appeared to him. His actions were to be judged from the transaction as it appeared to him, and the jury could only determine this by knowing of the plaintiff what the defendant knew as to his disposition and temper towards him.

If the plaintiff advanced upon the defendant in a threatening and angry manner, the knowledge of a previous assault having been made would certainly lead the defendant to anticipate a repetition of such assault, and to act at once upon such an assumption, and to act differently than he would had there been no previous trouble of the same kind. In looking at the defendant's acts, therefore, to ascertain whether they were justifiable or not under the circumstances, the jury could not accurately determine the condition or purpose of the mind of the defendant without this testimony: *Hurd v. People*, 25 Mich. 405 ; *Pond v. People*, 8 Mich.

150; *People v. Lilly*, 38 Mich. 276; *Patten v. People*, 18 Mich. 314; *Heiser v. Loomis*, 47 Mich. 21, 22.

The jury were instructed that this evidence could not be used in mitigation of damages, but might be considered in determining whether the plaintiff was the attacking party, or whether the defendant believed that he was in danger of an attack from the plaintiff.

This charge was correct, and, as heretofore shown, embodied the law as applicable to the claim of defendant in this case that he was acting in self-defense.

The court further instructed the jury that if the plaintiff voluntarily engaged in the fight in the first instance for the sake of fighting, and not as a means of self-defense, he could not recover unless the defendant beat him excessively or unreasonably. This was as favorable to the plaintiff as the law will admit. The law does not put a premium upon fighting, and one who voluntarily enters into a quarrel will not be afforded relief for his own wrong in damages if he come out second best. While the voluntary act on the part of the plaintiff would not preclude the State from punishing him or the defendant for a breach of the peace, it nevertheless prevents him from bringing a civil action to recover compensation for injuries received by his own seeking, and in violation of law.

In this case the jury found specially that the plaintiff voluntarily engaged in the fight with the defendant; that he used language inviting a fight, and for the purpose of bringing on an attack.

The evidence, in our opinion, justified these findings. The plaintiff's case was without merit, and the judgment below is affirmed, with costs of both courts.

The other Justices concurred.