## PEOPLE v. SHERMAN

1. WORDS AND PHRASES—MUTUAL FIGHT—SELF-DEFENSE—CHARGE
   TO JURY.
   The term "mutual fight" does not carry the same meaning as the
   term "self-defense," even though a "mutual fight" can at times
   include self-defense; accordingly a charge to the jury in an
   assault case that dealt only with the aspect of "mutual fight"
   was inadequate to protect the rights of defendant and was
   grounds for reversal, where defendant claimed he had acted in
   self-defense and this claim was supported by evidence (CL
   1948, § 750.84).

2. CRIMINAL LAW—DUE PROCESS—THEORY OF DEFENSE—CHARGE TO
   JURY.
   An accused is entitled to have his theory of defense clearly rec-
   ognized in the trial court's charge to the jury, and reversal is
   warranted where an erroneous or misleading charge is given
   as opposed to a charge which merely omits a pertinent though
   not legally necessary point even though there was no request to
   charge submitted.

3. SAME—ASSAULT—CHARGE TO JURY—SELF-DEFENSE.
   Charge to jury dealing only with the limited aspect of mutual
   fight, even in the absence of any request, was legally inadequate
   and reversible error, where defendant was charged with as-
   sault with intent to do great bodily harm less than the crime
   of murder, there was sufficient testimonial support in the record
   for the asserted defense of self-defense to require it to be sub-
   mitted to the jury, the court charged that the defense theory
   was that of a mutual fight, and defendant's counsel was not
   afforded an opportunity to object to the charge, since self-
   defense was within the range of the evidence (CL 1948, § 750-
   .84).

REFERENCES FOR POINTS IN HEADNOTES
[1-3]  53 Am Jur, Trial § 650.
  6 Am Jur 2d, Assault and Battery §§ 68, 69.

Appeal from Recorder's Court of Detroit, Gillis (Joseph A.), J. Submitted Division 1 June 10, 1968, at Detroit. (Docket No. 2,159.) Decided December 19, 1968.

William Sherman was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Martin D. Grant,* for defendant.

PER CURIAM. The defendant was convicted upon jury trial of the offense of assault with intent to do great bodily harm less than the crime of murder.[1] Of the 27 errors urged on appeal, the 18 designated in appellant's brief as "points of defendant's insisting on being raised on appeal" are not supported in the record. Of the remaining grounds, only one shall be dealt with here.

A meticulous examination of the record establishes that defendant's asserted defense of self-defense has sufficient testimonial support to require it to be submitted to the jury as an issue. Apparently the trial court also so concluded and then charged the jury that the defense theory was that of a mutual fight.[2] Upon conclusion of the charge,

[1] CL 1948, § 750.84 (Stat Ann 1962 Rev § 28.279).
[2] The entire charge of the court on the subjects of mutual fight or self-defense were: (a) In giving the theory of the prosecution, the court in referring to the complainant said: "He had no weapon, used no weapon, unless you consider the bottle, which could be, except when he threw the bottle it didn't hit him." (b) Continuing with the pros-

defendant's counsel asked to approach the bench. The request was refused, and nothing further appears in the record as to the charge. It therefore appears that defendant's counsel was not afforded the opportunity to make objections to the charge.

"Mutual fight" is not the same as self-defense. "Mutual fight" could include self-defense but not necessarily so. The theory of "mutual fight" may be asserted not for purposes of showing a justification or an excuse for what would otherwise be an assault, but rather to characterize the affray for purposes of negating a specific intent such as the intent to do great bodily harm. But, the phrase "mutual fight" may also include self-defense under appropriate circumstances.

Since the theory of self-defense was within the range of the evidence, the instruction of the court dealing only with the more limited aspect of "mutual fight" was legally inadequate. This is particularly emphasized by the fact that the trial court, in stating the theory of the prosecution to the jury, stated factual positions negating a self-defense theory.[3]

An accused is entitled to have his theory clearly recognized in the charge. *People* v. *Cummins* (1882), 47 Mich 334; *People* v. *Welke* (1955), 342 Mich 164. The charge as given was erroneous and

ecution theory but apparently referring to the defendant, the court said: "He could have retreated. There was no reason for assault. There were no threats of great violence against him. He could have gone home, which they finally persuaded him to do, and he left." (c) And finally, the last reference by the court in the charge to either self-defense or mutual fight was as follows: "The defense, members of the jury, is that the physical facts are there. There was drinking between the Bynums and Sherman, there was an altercation, and that Sherman was—it was a mutual fight, that he did nothing further. There was some mention of a revolver, very indefinite. I think there is some testimony that someone saw a revolver in his hand, or about where it came from—that's up to you. But the defense is that it was just a mutual fight, that the People have failed to prove his guilt beyond a reasonable doubt."

[3] See footnote 2.

misleading. Even though there was no request to charge submitted, reversal is warranted where an erroneous or misleading charge is given as opposed to a charge which merely omits a pertinent though not legally necessary point. *People* v. *Liggett* (1967), 378 Mich 706; *People* v. *Guillett* (1955), 342 Mich 1. If a subject is an essential ingredient of a charge, which self-defense was here, the court must charge on it even in the absence of a request. *People* v. *Hearn* (1958), 354 Mich 468.

Reversed and remanded for a new trial.


T. G. KAVANAGH, P. J., and LEVIN and NEWBLATT, JJ., concurred.