## VILLA v GOLICH

1. INTOXICATING LIQUORS—DRAMSHOP ACT—REQUIREMENTS.

An action based upon the dramshop statute must contain a showing, by plaintiff, that (1) the person was intoxicated, (2) the defendant served such an intoxicated person or served a person until he became intoxicated, and (3) such intoxication caused the accident.

2. EVIDENCE—PERMISSIBLE INFERENCES—DIRECTED VERDICT.

Determinations of fact may be based on permissible inferences from circumstantial evidence, and where the evidence combined with its permissible inferences are sufficient to sustain a jury's conclusion regarding issues of fact, a directed verdict is improper.

3. EVIDENCE—DIRECTED VERDICT—SUFFICIENCY OF TESTIMONY.

The trial court committed reversible error in directing a verdict for defendant after plaintiff introduced evidence indicating that plaintiff's decedent was intoxicated when killed, that defendant-dramshop owner had sold alcohol to plaintiff's decedent immediately before his death, and that plaintiff's decedent had fallen into a passing automobile and sustained fatal injuries.

Appeal from Wayne, Joseph A. Moynihan, J. Submitted Division 1 May 3, 1972, at Detroit. (Docket No. 11610.) Decided July 25, 1972. Leave to appeal denied, 388 Mich 802.

Complaint by Petra Villa, as guardian of Princess Healine Ambriz, against John Golich, doing business as Johnny's Bar, for wrongful death under the dramshop act. Directed verdict for defendant. Plaintiff appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Intoxicating Liquors §§ 553–560.
[2] 53 Am Jur, Trial §§ 340, 394.
[3] 53 Am Jur, Trial §§ 358, 363.

*Ripple & Chambers* (by *Donnelly W. Hadden),* for plaintiff.

*Sullivan, Sullivan, Ranger & Ward* (by *Thomas K. Stebbins),* for defendant.

Before: V. J. BRENNAN, P. J., and McGREGOR and BRONSON, JJ.

BRONSON, J. This is an action against a bar owner for damages resulting from a death allegedly caused by a violation of the dramshop act, MCLA 436.22; MSA 18.993. At the completion of plaintiff's proofs, the trial court directed a verdict for the defendant. Plaintiff appeals, claiming that this decision constituted reversible error in view of the facts adduced at trial.

On August 7, 1966, Roberto Ambriz (plaintiff's decedent) and Julia Kuz went to a picnic together. They both drank an unknown amount of beer. Sometime before midnight they went to defendant's bar and Mrs. Kuz drank some beer. Mrs. Kuz observed Mr. Ambriz buy beer but was uncertain as to whether or not he finished it. Shortly before closing Mrs. Kuz told Mr. Ambriz goodnight and left defendant's bar. She had driven only a short distance from the parking lot adjacent to the bar when she heard a thump near the back of her car. Upon immediately stopping, she found Mr. Ambriz lying in the street near the car with his feet toward the curb. He was dead on arrival at the hospital. An autopsy performed by the Wayne County Medical Examiner revealed the presence of alcohol in his spinal fluid and urine in the amount of "0.42 percent per weight per volume *[sic]".* The medical examiner testified that such amounts of alcohol were potentially lethal and constituted

evidence that the person was definitely intoxicated.

The trial judge concluded that this evidence was insufficient to prove that defendant served or sold alcohol to an intoxicated person or that the deceased's death was caused by intoxication. Believing that such insufficiencies would cause the jury to indulge in speculation or conjecture, he directed a verdict for defendant. Plaintiff requested and was granted an opportunity to reopen the proofs in an effort to satisfy these failures by additional testimony. Upon reexamination Mrs. Kuz testified that she observed the deceased actually drink beer furnished by defendant. In spite of this testimony, the trial judge granted defendant's renewed motion for a directed verdict. Although this evidence created a close question, our review of pertinent case law and the record leads us to the conclusion that plaintiff's present challenge must prevail.

It is fundamental that in an action based upon the dramshop statute, plaintiff has the burden of proving that (1) the person was intoxicated, (2) the defendant served such an intoxicated person or served a person until he became intoxicated, and (3) such intoxication caused the accident. *Davis v Terrien,* 364 Mich 82 (1961); *Long v Dudewicz,* 355 Mich 469 (1959); *Wyatt v Chosay,* 330 Mich 661 (1951); *Mason v Lovins,* 24 Mich App 101 (1970). A plaintiff fails to sustain this burden when the evidence is insufficient and leaves the jury to speculation and conjecture. *Bryant v Athans,* 362 Mich 17 (1960); *Wyatt v Chosay, supra; Juckniess v Supinger,* 323 Mich 566 (1949); *Nylund v Gemo,* 295 Mich 75 (1940). We approve of this principle but must distinguish it from cases involving permissible inferences based upon evidence at issue.

The admissibility of circumstantial evidence is a

well recognized principle, not subject to challenge.[1] This principle enables a jury to make necessary determinations of fact by permissible inferences deduced from submitted evidence. In the event the evidence combined with its permissible inferences are sufficient to sustain a jury's conclusion regarding issues of fact, a directed verdict is improper.

Our review of the record places the present case in this category. The medical examiner's testimony was sufficient to establish that the deceased was intoxicated. The ambivalence of Mrs. Kuz's initial testimony may have failed to establish defendant's act of serving the deceased while intoxicated. Her subsequent testimony, if believed, would clearly have satisfied this requirement. The acceptance of this additional testimony by reopening the proofs fell exclusively within the trial judge's discretion. *Bonner v Ames,* 356 Mich 537 (1959); *People v Gilliland,* 354 Mich 247 (1958); *Kornicks v Lindy's Supermarket,* 24 Mich App 668 (1970). Once appearing on the record its sufficiency depended entirely upon credibility and should have been left to the jury. The trial judge could have directed a verdict only by disbelieving this additional testimony and invading the province of the jury.

With respect to the final element of causation, the record contained a description of the accident, damage to the witness's automobile, and location of deceased's body. From these facts and their permissible inferences the jury could reasonably conclude that the deceased's intoxication caused him to fall into the passing automobile and sustain a severe head injury from which he died.

Finding sufficient evidence to send each of these questions of fact to the jury, we reverse the di-

---

[1] *Berry v Dalman,* 335 Mich 646 (1953); *Zolton v Rotter,* 321 Mich 1 (1948); *Cebulak v Lewis,* 320 Mich 710 (1948).

rected verdict entered below and remand for a new trial.

Reversed and remanded.

All concurred.