ARCHER v BURTON

Docket No. 77-3085. Submitted December 8, 1978, at Detroit.—Decided June 20, 1979. Leave to appeal denied, 407 Mich —.

Tim Archer approached Don Hirkey in a bar owned by Leo Burton and challenged Hirkey to a fight, to which Hirkey agreed. They walked to the parking lot and Archer pulled a knife on Hirkey. Hirkey disarmed Archer and stabbed him with the knife. Archer sued Hirkey for damages for assault and battery and Burton for violation of the dramshop act, alleging that Burton had served beer to Hirkey while Hirkey was visibly intoxicated. The Wayne Circuit Court, Harry J. Dingeman, Jr., J., following a jury verdict entered a judgment of no cause of action for both defendants. Plaintiff appeals, alleging error in the trial court's instructions to the jury. *Held:*

The jury instruction complained of predicated the liability of the bar owner upon the liability of defendant Hirkey. Such an instruction is not generally applicable to all dramshop actions and therefore should not be used. In this case, however, if the jury believed Hirkey acted in self-defense then he did not act wrongfully and the bar owner could not be liable to Archer.

Affirmed.

BEASLEY, P.J., concurred in the result only. He would affirm on the basis that defendant Hirkey is a party to the action because of the "name and retain" provision of the dramshop act and the instructions to the jury required a consideration of him as a party in the action.

OPINION OF THE COURT

1. INTOXICATING LIQUORS — DRAMSHOP ACT — ELEMENTS OF ACTION.

A plaintiff, in order to maintain a dramshop action, must show that (1) he was injured by the wrongful or tortious conduct of

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Intoxicating Liquors §§ 566, 582 *et seq.*
[2] 45 Am Jur 2d, Intoxicating Liquors § 582 *et seq.*
[3] 45 Am Jur 2d, Intoxicating Liquors § 585.

Liability of liquor furnisher under Civil Damage or Drawship Act for injury or death of intoxicated person from wrongful act of third person. 65 ALR2d 923.

an intoxicated person, (2) the intoxication of that person was the sole or contributing cause of the plaintiff's injuries, and (3) the bar owner sold the visibly intoxicated person liquor which caused or contributed to his intoxication.

2. INTOXICATING LIQUORS — WRONGFUL ACTIVITY — DRAMSHOP ACT.

An intoxicated person who voluntarily engages in a fistfight is engaging in wrongful activity; therefore, even if the intoxicated person is not liable to an injured plaintiff because of the theory of self-defense or mutual fight, a bar owner might still be liable to the plaintiff if the intoxication was a contributing factor to the defendant's engaging in the fight.

CONCURRENCE IN RESULT BY BEASLEY, P.J.

3. INTOXICATING LIQUORS — DRAMSHOP ACT — INSTRUCTIONS TO JURY — STATUTES.

*An instruction to a jury which predicated a bar owner's liability to the plaintiff upon the liability of a defendant who was intoxicated when in claimed self-defense he inflicted injury upon the plaintiff was appropriate where the intoxicated person was a party to the action because of the "name and retain" provision of the dramshop act (MCL 436.22; MSA 18.993).*

*Eugene S. Hoiby,* for plaintiff.

*Hibbs, Lewis & Golden, P.C.,* for defendant Burton.

Before: BEASLEY, P.J., and BRONSON and N. J. KAUFMAN, JJ.

PER CURIAM. Plaintiff sued defendant Hirkey for assault and battery and defendant bar owner for violation of the dramshop act. MCL 436.22; MSA 18.993. The jury returned a verdict of no cause of action against both defendants. The trial court entered a judgment for defendants pursuant to the verdict and plaintiff appeals by right.

Defendant bar owner served beer to defendant Hirkey who was allegedly visibly intoxicated. Later, while defendant Hirkey was still at defendant Burton's bar, plaintiff approached him and

repeatedly challenged him to step outside for a fight. Hirkey finally agreed, and the two stepped out into the parking lot. Hirkey admitted at trial that but for the fact that he was intoxicated, he probably would not have so readily agreed to fight. Once in the parking lot, plaintiff pulled a knife on defendant. While plaintiff was momentarily distracted, defendant disarmed him and stabbed him with the knife.

Plaintiff claims that the trial court committed reversible error in giving the following instruction requested by defendant bar owner:

"As I have indicated to you in the claims of the parties which have been read to you, the plaintiff's suit claims that defendant Hirkey was the aggressor. If you find that defendant Hirkey was not the aggressor and only used reasonable force for self-defense then you shall find for both defendants, Hirkey and Burton. If you find that defendant Hirkey used excessive and unreasonable force then you shall find for the plaintiff against the defendant, Hirkey. The plaintiff cannot recover for assault if you find that he first attacked the defendant, unless it appears that the defendant used more force than was necessary in repelling the attack.

* * *

"If you find for the plaintiff against defendant Hirkey then you shall consider whether the defendant Burton is liable also."

Plaintiff objected to the instruction at trial stating that a dramshop action against a bar owner was separate and distinct from the cause of action against the intoxicated person and did not rest on any theory of derivative liability. Conversely, defendant bar owner contends that a bar owner's liability is limited only to injuries resulting from the wrongful or tortious actions of the intoxicated person. Therefore, since it is not wrongful to de-

fend oneself, if the jury found that the principal defendant acted in self-defense, it must find that he did not act wrongfully; thus, the bar owner cannot be liable, and the instruction was correct.

We find that the instruction given in this case is not generally applicable to all dramshop actions and therefore it should not be used[1] since in many cases it might constitute reversible error. However, under the unique circumstances of this case, the instruction correctly informed the jury of the applicable law and did not constitute reversible error.

In order to maintain a dramshop action, the plaintiff must prove that 1) he was injured by the *wrongful* or *tortious* conduct of an intoxicated person, 2) the intoxication of the principal defendant was the sole or contributing cause of plaintiff's injuries, and 3) the bar owner sold the visibly intoxicated person liquor which caused or contributed to his intoxication. See *Wyatt v Chosay,* 330 Mich 661, 668-669; 48 NW2d 195 (1951), *Pesola v Pawlowski,* 45 Mich App 516, 518-519; 206 NW2d 780 (1973). Therefore a bar owner's liability can only be predicated upon the wrongful activity of the intoxicated person.

It is not wrongful to defend oneself; however, it is wrongful to voluntarily engage in a fight. See *Galbraith v Fleming,* 60 Mich 403; 27 NW 581 (1886), *People v Sherman,* 14 Mich App 720; 166 NW2d 22 (1968), Anno: *Consent as defense to charge of criminal assault and battery,* 58 ALR3d 662 (1974). It is for this reason that the instruction given in the present case is not generally appropriate. If an intoxicated person voluntarily engages in a fistfight, he is engaging in wrongful activity. Therefore, even if the intoxicated person is not

---

[1] Trial courts should give SJI 27.04.

liable to the plaintiff on the theory of self-defense or mutual fight,[2] the bar might still be liable to the plaintiff if the defendant's intoxication by the bar was a contributing factor to his engaging in the fight.

This scenario did not occur, however, in the present case. Although defendant agreed to engage in a fistfight, the mere agreement itself was not wrongful activity. The wrongful activity occurs only when the agreement is acted upon. In the present case, upon arriving in the parking lot, the fistfight which defendant Hirkey had agreed to did not take place. Instead, plaintiff pulled a knife on defendant thereby exceeding the scope of the agreement and terminating it. At this point the parties were left in a basic attack and defend situation. Plaintiff attacked defendant with the knife and defendant defended himself. Since it is not wrongful to defend oneself when attacked, if the jury believed that defendant acted in self-defense in this situation, he could not have acted wrongfully and the bar could not have been liable. Therefore, under the circumstances of this case, the instruction correctly stated the law and did not prejudice plaintiff.[3]

Affirmed.

BEASLEY, P.J. *(concurring).* I concur in the result only.

As the trial judge indicated and as the evidence makes unmistakably clear, this is a "name and retain"[1] case, *i.e.,* defendant Hirkey is a party to

---

[2] In the absence of excessive force, a person may not recover civil damages from other participants in a voluntary affray. *White v Whittal,* 113 Mich 493; 71 NW 1118 (1897), *Galbraith, supra.*

[3] Due to our resolution of the instructional issue, we need not address the issues raised in the concurring opinion.

[1] MCL 436.22; MSA 18.993.

this suit only because the 1972 "name and retain" amendment to the dramshop act requires it. Conduct of the trial, denial of defendant Hirkey's motion for directed verdict on completion of plaintiff's case, instructing of the jury, and the fact that on appeal plaintiff does not even ask for a new trial against defendant Hirkey, are only understandable in the context of the "name and retain" amendment. Thus, I cannot join the opinion of the majority which chooses to ignore the name and retain amendment. However, while we follow different paths to decision, both opinions affirm the jury verdict.