MORGAN v BACKSEAT SALOON COUNTRY COUSIN, INC

Docket No. 54552. Submitted January 8, 1982, at Detroit.—Decided March 4, 1982. Leave to appeal applied for.

Mark D. Morgan brought an action in the Oakland Circuit Court against Sherman Allen, alleging negligence and assault and battery, and against the Backseat Saloon Country Cousin, Inc., alleging negligence under the theory of premises liability and violation of the dramshop act. Plaintiff's injuries occurred as a result of a fight he began with defendant Allen outside the premises of defendant Backseat Saloon, where plaintiff and defendant Allen had been drinking prior to the fight. The court, James S. Thorburn, J., entered a judgment of no cause of action following a jury trial and denied a motion for a new trial. Plaintiff appealed, alleging that the trial judge committed reversible error by instructing the jury that the alleged intoxicated person must have been negligent or guilty of assault or battery in order to hold defendant saloon liable under the dramshop act. *Held:*

Sufficient evidence was presented to show that plaintiff was the aggressor and defendant Allen acted in self-defense to warrant the instruction at issue. An attacking intoxicated plaintiff who is injured by a nonintoxicated person acting in self-defense clearly may not recover from the bar owner for injuries sustained. To permit recovery to an attacking plaintiff who instead attacks an intoxicated person where the intoxicated person acts in self-defense would be contrary to the rationale that the person may not complain of the evil which he himself has caused.

Affirmed.

INTOXICATING LIQUORS — DRAMSHOP ACT.

A person who attacks an intoxicated individual who acts in self-defense may not recover under the dramshop act (MCL 436.22; MSA 18.993).

REFERENCES FOR POINTS IN HEADNOTE
6 Am Jur 2d, Assault and Battery § 158.
45 Am Jur 2d, Intoxicating Liquors §§ 566, 567.

*Bebout, Potere, Cox & Hughes, P.C.,* for plaintiff.

*Law Offices of Seth H. Barsky, P.C.* (by *Edward B. Meth),* for defendant Backseat Saloon Country Cousin, Inc.

*Albert C. Leader,* for defendant Allen.

Before: Bashara, P.J., and Allen and T. M. Burns, JJ.

Per Curiam. Plaintiff appeals from a denial of his motion for new trial after a jury verdict of no cause of action as to both defendants. Plaintiff sustained serious injuries during a fight between himself and defendant Allen subsequent to drinking at defendant Backseat Saloon Country Cousin, Inc. Plaintiff sued defendant Backseat Saloon for negligence under the theory of premises liability and under the dramshop act, MCL 436.22; MSA 18.993. Plaintiff also sued defendant Allen, claiming negligence and assault and battery.

Plaintiff contends that the trial judge committed reversible error by instructing the jury that the alleged intoxicated person must have been negligent or guilty of assault or battery in order to hold defendant saloon liable under the dramshop act. We have reviewed plaintiff's claimed error and find the instruction permissible under our opinion in *Archer v Burton,* 91 Mich App 57; 282 NW2d 833 (1979), *lv den* 407 Mich 932 (1979). Sufficient evidence was presented to show that plaintiff was the aggressor and defendant Allen acted in self-defense to warrant the instruction at issue.

We also note that this Court has consistently denied recovery to an intoxicated plaintiff who sustains injuries because of his own intoxication,

on the rationale that the person who caused the evil by purchasing liquor may not complain of the evil which he himself has caused. See *Scholten v Rhoades,* 67 Mich App 736, 742; 242 NW2d 509 (1976). An attacking intoxicated plaintiff who is injured by a nonintoxicated person acting in self-defense clearly may not recover from the bar owner for injuries sustained. To permit recovery to an attacking plaintiff who instead attacks an intoxicated person where the intoxicated person acts in self-defense would be contrary to the rationale that the person may not complain of the evil which he himself has caused.

Affirmed.