## LASKY v BAKER

Docket No. 64269. Submitted March 16, 1983, at Detroit.—Decided June 21, 1983. Leave to appeal denied, 418 Mich __.

Carolyn Lasky was injured when Ervin R. Baker struck her with his vehicle. Moments before the accident, Baker had left Lauri's Bar, which was owned and operated by Helen S. Skiba. Carolyn Lasky and her husband, Robert Lasky, filed suit under the dramshop act against Baker and against Skiba, doing business as Lauri's Bar, in Wayne Circuit Court alleging that Baker operated his vehicle in a careless and negligent manner and that Skiba had served Baker alcohol while Baker was visibly intoxicated. Defendant Skiba moved for a directed verdict at the close of plaintiffs' proofs. The motion was granted on the ground that there was no evidence to establish a jury question as to whether Baker became drunk in the bar or was served a drink while visibly intoxicated, Arthur M. Bowman, J. The jury then found Carolyn Lasky 75% negligent and awarded her $15,000, 25% of the $60,000 damages the jury found that she had suffered. Robert Lasky was awarded $3,000 for loss of consortium. Judgment was entered, Arthur M. Bowman, J. Plaintiffs moved for a new trial alleging that the trial court had erred in several respects. The motion was denied. Plaintiffs appeal. *Held:*

1. The trial court erred in granting defendant Skiba's motion

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 886.
[2] 75 Am Jur 2d, Trial § 427.
[3] 75 Am Jur 2d, Trial § 469.
[4] 45 Am Jur 2d, Intoxicating Liquors § 566 *et seq.*
Liability of one who furnishes liquor to another for consumption by third parties, for injury caused by consumer. 64 ALR3d 922.
Proof of causation of intoxication as a prerequisite to recovery under civil damage act. 64 ALR3d 882.
"Injury in person or property" within civil damage act. 6 ALR2d 798.
[5] 45 Am Jur 2d, Intoxicating Liquors § 603.
[6] 45 Am Jur 2d, Intoxicating Liquors §§ 400, 603 *et seq.*
[7] 5 Am Jur 2d, Appeal and Error §§ 545 *et seq.*, 776 *et seq.*, 797.

for a directed verdict. There was sufficient evidence introduced at trial to raise a jury question as to whether defendant Skiba served an intoxicating beverage to defendant Baker.

2. Reference by defendant Baker's counsel during closing argument to the fact that defendant Skiba was no longer a party to the action denied plaintiffs a fair trial by raising in the minds of the jury a belief that plaintiffs' testimony as to defendant Baker's intoxication and activities at the time of the accident should be discredited. Plaintiffs are entitled to a new trial against both defendants Baker and Skiba.

Reversed.

1. MOTIONS AND ORDERS — DIRECTED VERDICT — APPEAL.

A motion for a directed verdict tests whether or not the plaintiff has made a prima facie case and, in reviewing a trial court's decision on a motion for directed verdict, the Court of Appeals will consider the plaintiff's proofs and any reasonable inferences therefrom in the light most favorable to the plaintiff.

2. TRIAL — DIRECTED VERDICT — EVIDENCE.

A motion for a directed verdict must be denied where the trial court, viewing the evidence and all legitimate inferences which may be drawn therefrom in the light most favorable to the nonmoving party, finds that the evidence establishes a prima facie case.

3. MOTIONS AND ORDERS — DIRECTED VERDICT.

A motion for a directed verdict should be denied where the facts, viewed in a light most favorable to the nonmoving party, are such that reasonable minds could honestly reach different conclusions.

4. INTOXICATING LIQUORS — DRAMSHOP ACT — ACTIONS.

The elements of a cause of action under the dramshop act are: (1) the immediate tortfeasor was an intoxicated person; (2) defendants, or their agents, sold intoxicating liquors to the tortfeasor; (3) as a result of such sale, the tortfeasor continued in an intoxicated condition until the time of the accident; and (4) such intoxication was the cause or contributing cause of plaintiff's injury (MCL 436.22; MSA 18.993).

5. INTOXICATING LIQUORS — DRAMSHOP ACT — ACTIONS.

A plaintiff fails to sustain his burden of establishing a case under the dramshop act where the evidence is insufficient and leaves the jury to speculation and conjecture (MCL 436.22; MSA 18.993).

6. Intoxicating Liquors — Dramshop Act — Circumstantial Evidence — Inferences — Directed Verdict.

An action under the dramshop act may be proved by circumstantial evidence; if the combination of the circumstantial evidence and the permissible inferences drawn therefrom is sufficient to establish a prima facie case, a directed verdict is improper (MCL 436.22; MSA 18.993).

7. Appeal — Attorney and Client — Improper Conduct of Attorney.

An appellate court, when reviewing an appeal asserting improper conduct of an attorney, should first determine whether or not the claimed error was in fact error and, if so, whether it was harmless; if the claimed error was not harmless, the court must then ask if the error was properly preserved by objection and request for instruction or motion for mistrial; if the error is so preserved, then there is a right to appellate review; if not, the court must still make one further inquiry: it must decide whether a new trial should nevertheless be ordered because what occurred may have caused the result or played too large a part and may have denied a party a fair trial; if the court cannot say that the result was not affected, a new trial may be granted.

*Quentin J. Lukomski, P.C.* (by *Quentin J. Lukomski*), for plaintiffs.

*Berry, Moorman, King, Lott & Cook, P.C.* (by *William C. Schafer*), for Ervin Baker.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Henry J. Maher* and *Christine D. Oldani*), for Helen Skiba.

Before: T. M. Burns, P.J., and Cynar and P. J. Marutiak,* JJ.

Cynar, J. Plaintiffs appeal as of right following denial of their motion for a new trial. A jury returned a verdict in favor of Carolyn Lasky in the sum of $15,000. The jury had found that defendant

* Circuit judge, sitting on the Court of Appeals by assignment.

Baker was negligent, that the damages sustained by Carolyn Lasky were in the amount of $60,000, and that 75% of the negligence causing the injury was attributable to plaintiff Carolyn Lasky. The jury also awarded $3,000 to Robert Lasky for loss of consortium.

This case arose out of an accident on February 23, 1979, in which plaintiff Carolyn Lasky was struck by a vehicle operated by defendant Baker. Plaintiffs alleged that Baker operated his vehicle in a careless and negligent manner. Additionally, plaintiffs alleged that, on the date of the accident, defendant Skiba, doing business as Lauri's Bar, served Baker alcohol while Baker was visibly intoxicated, in violation of the dramshop act. MCL 436.22; MSA 18.993.

Upon entry of the judgment, plaintiffs filed their motion for a new trial contending that: (1) the trial court erred by granting the motion for a directed verdict in favor of defendant Skiba, (2) defense counsel's reference during closing argument to the fact that Skiba was no longer a party to the action prejudicially raised in the minds of the jury a belief that plaintiffs' testimony as to Baker's intoxication and activities at the time of the accident should not be credited, (3) the jury verdict finding plaintiff Carolyn Lasky 75% negligent was against the great weight of the evidence, (4) the trial court erred by failing to direct a verdict of liability against Baker, and (5) the court erred by giving a jury instruction on comparative negligence because the instruction was not supported by the evidence introduced at trial.

I

The trial court erred by granting defendant Skiba's motion for a directed verdict.

At the close of plaintiff's proofs, Skiba moved for a directed verdict on the ground that plaintiffs had failed to establish that there was a sale of alcoholic beverages to Baker or that Baker was served intoxicating liquor at a time when he was visibly intoxicated. In opposition to the motion, plaintiffs argued that the jury could infer from the evidence introduced at trial that Skiba had served Baker when he was visibly intoxicated or that Skiba had facilitated Baker in becoming visibly intoxicated by serving him. The trial court granted the motion for a directed verdict on the ground that there was no evidence to establish a jury question as to whether Baker either became drunk in the bar or was served a drink while visibly intoxicated. The trial court cited *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973), for the proposition that, in order to sustain the burden of proof, plaintiffs had to introduce evidence from which a trier of fact could find that the defendant bar served Baker while he was intoxicated.

Plaintiffs contend that the trial court erred by granting Skiba's motion for a directed verdict and by denying plaintiffs' motion for a new trial because there was ample evidence on each of the elements which plaintiffs were required to prove under the dramshop act to require submission of the case to the jury.

"It is well established that a motion for directed verdict tests whether or not the plaintiff has made a prima facie case. * * * In reviewing the trial court's decision on a motion for directed verdict, this Court will consider the plaintiff's proofs and any reasonable inferences therefrom in the light most favorable to the plaintiff. * * * If the evidence establishes a prima facie case, the motion must be denied. * * * A motion for directed verdict should be denied where the facts, viewed in a light most favorable to the nonmoving

party, are such that reasonable minds could honestly reach different conclusions." (Citations omitted.) *Bouwman v Chrysler Corp,* 114 Mich App 670, 677; 319 NW2d 621 (1982).

In order to establish a case under the dramshop act[1] a plaintiff must provide proof of each of the following four elements: (1) the immediate tortfeasor was an intoxicated person; (2) the defendant bar, or one of its agents, sold intoxicating liquors to the tortfeasor; (3) as a result of such sale, the tortfeasor continued in an intoxicated condition until the time of the accident; and (4) such intoxication was the cause or contributing cause of the plaintiff's injury. *Pesola v Pawlowski,* 45 Mich App 516, 518-519; 206 NW2d 780 (1973).

A plaintiff fails to sustain his burden of establishing a case under the dramshop act when the evidence is insufficient and leaves the jury to speculation and conjecture. *Wyatt v Chosay,* 330 Mich 661; 48 NW2d 195 (1951); *Juckniess v Supinger,* 323 Mich 566; 36 NW2d 148 (1949); *Nylund v Gemo,* 295 Mich 75; 294 NW 104 (1940); *Villa v Golich,* 42 Mich App 86, 88; 201 NW2d 349 (1972), *lv den* 388 Mich 802 (1972). An action under the dramshop act may, however, be proved by circumstantial evidence. If the combination of the circumstantial evidence and the permissible inferences drawn therefrom are sufficient to establish a prima facie case, a directed verdict is improper.

---

[1] Insofar as relevant to this case, the dramshop act provided:

"Every * * * husband * * * or other persons who shall be injured in person * * * or otherwise, by a visibly intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, and the sale is proven to be a proximate cause of the injury * * * shall have a right of action in his or her name against the person who shall by such selling, or giving of any such liquor have caused or contributed to the intoxication of said person or persons or who shall have caused or contributed to any such injury * * *." MCL 436.22(2); MSA 18.993(2).

*Villa, supra,* pp 88-89; *Durbin v K-K-M Corp,* 54 Mich App 38, 56-57; 220 NW2d 110 (1974), *lv den* 394 Mich 789 (1975).

Plaintiffs contend that there was sufficient evidence introduced at trial to raise a jury question as to whether defendant Skiba served an intoxicating beverage to defendant Baker. We agree.

It is necessary to reiterate the facts in a light most favorable to the plaintiffs to determine whether there was any evidence presented allowing the case to be submitted to the jury. Plaintiff Carolyn Lasky testified that she noticed Baker come out of Lauri's Bar because he was staggering. She commented to her husband that Baker was intoxicated. Baker apparently had difficulty opening the door to his vehicle. At one point, his hand slipped off the door handle. Carolyn Lasky observed Baker pause between his driving maneuvers. After the collision, she observed Baker's condition. Carolyn Lasky concluded that Baker was drunk on the basis of his actions, the way he talked and the way he slurred his words. Baker's speech was slurred, and he was mumbling. Robert Lasky testified that when Baker exited from the bar he was staggering and that he could not walk in a straight line. He surmised that Baker was drunk. Baker apparently had difficulty getting into his truck. Robert Lasky also observed Baker pause between his driving maneuvers. His wife commented to him that Baker was drunk. Immediately after the collision, Robert Lasky smelled whiskey and beer on Baker's breath. Anna Atamian testified that she observed Baker's face after the collision. Atamian testified that, because she has worked as a hostess at various establishments which served liquor, she was able to apprise an individual's state of intoxication. Baker looked

nonchalant—like he could not care less what went on around him. Atamian believed that Baker was intoxicated. She based her opinion upon the look on Baker's face. She characterized the look on his face as "goofy". Baker's eyes were glazed. Although Atamian's past responsibilities as a hostess did not include serving drinks, she had seen several people intoxicated at the establishments where she worked. On cross-examination, defendant Skiba testified:

*"Q. [By plaintiffs' attorney]:* And you served him [Baker] some drinks had you?
*"A.* Yes.
*"Q.* And the accident to Mrs. Lasky occurred within minutes after he left your bar?
*"A.* Yeah, minutes I would say."

The word "drinks" when used in the context of a bar is commonly understood to mean alcoholic beverages.

The Court in *Pesola, supra,* held that the plaintiff had raised a question of fact as to each of the four elements of a cause of action under the dramshop act. The factual situation in this case is similar to *Pesola.* Our plaintiffs introduced evidence from which the factfinder could reasonably infer that Baker was an intoxicated person, that Lauri's Bar sold intoxicating liquors to Baker, that as a result of such sale Baker continued to be in an intoxicated condition until the time of the accident, and that such intoxication was the cause or contributing cause of plaintiff Carolyn Lasky's injury.

## II

Plaintiffs set forth four grounds in support of

their motion for a new trial as against defendant Baker. Of the four grounds, only the ground alleging prejudicial argument on the part of counsel for defendant Baker merits discussion in deciding whether the trial court erred by denying the motion for a new trial.

Plaintiffs contend that prejudicial error occurred when Baker's counsel referred to the fact that defendant Skiba was no longer at the defense table during closing argument. Plaintiffs argue that defense counsel's remarks were improper and prejudicial because they inferred that the trial judge had made a determination that the plaintiffs had failed to prove that Baker was intoxicated at the time of the accident. During closing argument, defense counsel stated:

"I'd like to take you back to last Wednesday when we all first got together. We started going over this case. At that time Mr. Lukomski stated that the plaintiff would prove that defendant was intoxicated and he became intoxicated at Lauri's Bar. I submit to you that that has not been proven. Lauri's Bar is no longer even sitting at the defense table.

"*Mr. Lukomski:* Your Honor I object to that. It's improper.

"*The Court:* Yes I think the objection is well taken."

Defense counsel's remarks were clearly improper and prejudicial. Plaintiffs' case against Baker was in a large part based on proving that Baker, while under the influence of intoxicants, drove his vehicle in reverse in a negligent manner, causing the accident to occur. The remarks could have caused the jury to believe there was a judicial pronouncement that Baker was not intoxicated and to discredit plaintiffs' testimony regarding Baker's intoxication.

Plaintiffs made a timely objection to the prejudicial remarks. Plaintiff did not, however, move for a mistrial or request a curative instruction.

In *Muilenberg v Upjohn Co,* 115 Mich App 316; 320 NW2d 358 (1982), the defendant claimed that prejudicial error occurred when plaintiff's counsel referred to the trial court's denial of the defendant's motion for a directed verdict during the plaintiff's rebuttal argument. The defendant contended that the argument insinuated that the denial of the motion for a directed verdict was proof of the defendant's negligence. The remark which constituted the basis of the defendant's claim of error was:

" 'That's not the only issue, of course, of the lawsuit, but it is one of the issues, and you must keep it in mind in making your determination.

" 'As a matter of fact, I suggest that you satisfy yourself on that issue before you move on to the other issues of the lawsuit, because without negligence, I wouldn't be in court, Terry Muilenberg wouldn't be in court. That is a prerequisite to allow me to even argue before you now. If I had not proved at least for jury determination that the Upjohn Company was negligent, Mr. Knack would have been entitled to a directed verdict at the close of my proofs. He moved for it, and it was denied.' " *Muilenberg, supra,* pp 320-321.

The Court found that because the trial court's curative instruction did not discount the prejudicial impact of the statement but, to the contrary, may have added credence to the insinuation that the judge believed there was evidence to support plaintiff's case, counsel's remarks necessitated reversal.

In *Reetz v Kinsman Marine Transit Co,* 416 Mich 97; 330 NW2d 638 (1982), the Supreme Court found that, although the issue of counsel's im-

proper argument was not preserved in the trial court for appellate review by a request for a specific instruction or by a motion for a mistrial, some of the arguments were so improper that it was within the discretion of the appellate court to grant a new trial to assure that a fair trial was obtained.

"When reviewing an appeal asserting improper conduct of an attorney, the appellate court should first determine whether or not the claimed error was in fact error and, if so, whether it was harmless. If the claimed error was not harmless, the court must then ask if the error was properly preserved by objection and request for instruction or motion for mistrial. If the error is so preserved, then there is a right to appellate review; if not, the court must still make one further inquiry. It must decide whether a new trial should nevertheless be ordered because what occurred may have caused the result or played too large a part and may have denied a party a fair trial. If the court cannot say that the result was not affected, then a new trial may be granted." (Footnotes omitted.) *Reetz, supra,* pp 102-103.

In *Reetz,* a number of prejudicial arguments were recognized, calling for the granting of a new trial. In the matter before us, we do not have a repetition of improper argument. A review of the record, however, convinces us that the improper remarks of Baker's counsel denied a fair trial to plaintiffs, necessitating the granting of a new trial.

Reversed. A new trial is granted against both defendants.