# STATE OF MICHIGAN

# COURT OF APPEALS

GREGORY MACKENZIE,

        Plaintiff/Counter-Defendant –
        Appellee,

v

PAUL BISHOP,

        Defendant/Cross-
        Defendant/Counter-Plaintiff,

and

DURKEE-SEAGER POST NO. 550; THE
AMERICAN LEGION DEPARTMENT OF
MICHIGAN, INC.,

        Defendant/Cross-Plaintiff –
        Appellant.

UNPUBLISHED
March 14, 2017

No. 330225
Lenawee Circuit Court
LC No. 14-005201-NS

Before: HOEKSTRA, P.J., and JANSEN and SAAD, JJ.

PER CURIAM.

Defendant Durkee-Seager Post No. 550; the American Legion Department of Michigan, Inc. appeals by leave granted[1] the order denying its motion for summary disposition in this action under the dramshop act, MCL 436.1801 *et seq*. Because reasonable minds could not conclude that defendant served alcohol to a "visibly intoxicated" individual, defendant cannot be held liable under the dramshop act and defendant was entitled to summary disposition under MCR 2.116(C)(10). Accordingly, we reverse and remand for entry of summary disposition in favor of defendant.

---

[1] *Mackenzie v Durkee-Seager Post No 550*, unpublished order of the Court of Appeals, entered April 6, 2016 (Docket No. 330225).

On January 25, 2014, plaintiff Gregory Mackenzie and Paul Bishop, both members of the American Legion, engaged in a physical altercation at the Legion, defendant's establishment. Earlier in the evening, as part of a bowling league, plaintiff and Bishop spent time at a bowling alley, where Bishop drank beer. Bowling finished at about 8:30 or 9:00 p.m., after which both Bishop and plaintiff went to the Legion. They arrived at the Legion separately, but at about the same time. At the Legion, someone in Bishop's group ordered him a beer. Bishop drank this beer, and then he ordered a second beer for himself.

After Bishop ordered a second beer, a dispute arose about the topic of conversation, and plaintiff asked Bishop to confine the conversation to American Legion affairs. Bishop took offense at this request, and confronted plaintiff, pushing him in the chest and sending him backwards over nearby barstools. Plaintiff landed on his back. As a result, plaintiff suffered from neck and shoulder pain, which required medical treatment, including surgery.

Plaintiff filed a two-count complaint against Bishop and defendant. Against defendant, plaintiff alleged that defendant had violated the dramshop act by serving Bishop alcohol when Bishop was visibly intoxicated. Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), arguing that there was no evidence that defendant served alcohol to a visibly intoxicated individual. The trial court denied defendant's motion. Defendant moved for rehearing or reconsideration, which the trial court also denied. We then granted defendant's application for leave to appeal to this Court.

On appeal, defendant argues that the trial court erred in denying its motion for summary disposition because plaintiff failed to demonstrate the existence of a genuine question of fact regarding whether Bishop was "visibly intoxicated" at the time he was served by defendant's bartender, as required to maintain an action under the dramshop act. In particular, defendant maintains that, viewed objectively, plaintiff's evidence does not suggest that Bishop would appear visibly intoxicated to an ordinary observer and that, in the absence of objective evidence of visible intoxication, defendant was entitled to summary disposition. We agree.

## I. STANDARD OF REVIEW

We review a trial court's grant or denial of a motion for summary disposition de novo. *Miller v Purcell*, 246 Mich App 244, 246; 631 NW2d 760 (2001). Defendant moved for summary disposition under MCR 2.116(C)(8) and (C)(10). However, because the parties and trial court relied on evidence beyond the pleadings, defendant's motion is properly reviewed under MCR 2.116(C)(10). *Silberstein v Pro-Golf of Am, Inc*, 278 Mich App 446, 457; 750 NW2d 615 (2008). A motion under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint," and is properly granted "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 582-583; 794 NW2d 76 (2010). In evaluating a motion under MCR 2.116(C)(10), "we consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party." *Beckett-Buffum Agency, Inc v Allied Prop & Cas Ins Co*, 311 Mich App 41, 43-44; 873 NW2d 117 (2015). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *BC Tile & Marble Co, Inc*, 288 Mich App at 583 (citation and quotation marks omitted).

When moving for summary disposition under MCR 2.116(C)(10), "[t]he moving party has the initial burden to support its claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence." *McCoig Materials, LLC v Galui Construction, Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012). The burden is then shifted to the nonmoving party to demonstrate that a genuine issue of material fact exists. *Id.* "When the burden of proof at trial would rest on the nonmoving party, the nonmovant may not rest upon mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial." *Nuculovic v Hill*, 287 Mich App 58, 61-62; 783 NW2d 124 (2010). Mere conclusory statements, devoid of any detail, are insufficient to create a genuine issue of material fact. *Kozak v City of Lincoln Park*, 499 Mich 465, 468; 885 NW2d 443 (2016). If the nonmoving party fails to establish the existence of a material factual dispute, the moving party's motion is properly granted. *Karbel v Comerica Bank*, 247 Mich App 90, 97; 635 NW2d 69 (2001).

## II. ANALYSIS

The dramshop act was enacted "to discourage bars from selling intoxicating beverages to minors or visibly intoxicated persons and to provide for recovery under certain circumstances by those injured as a result of the illegal sale of intoxicating liquor." *Browder v Int'l Fidelity Ins Co*, 413 Mich 603, 611-612; 321 NW2d 668 (1982). In particular, MCL 436.1801(2) states, in pertinent part, that a "retail licensee shall not directly, individually, or by a clerk, agent, or servant sell, furnish, or give alcoholic liquor to a person who is visibly intoxicated." Under the dramshop act, an injured individual may pursue a cause of action against the retail licensee which provided alcohol to a visibly intoxicated individual, provided that the "the unlawful sale is proven to be a proximate cause" of the injury. MCL 436.1801(3); see also *Hashem v Les Stanford Oldsmobile, Inc*, 266 Mich App 61, 73; 697 NW2d 558 (2005). In order to maintain a cause of action under the dramshop act, a plaintiff must show that: "1) he was injured by the wrongful or tortious conduct of an intoxicated person, 2) the intoxication of the principal defendant was the sole or contributing cause of plaintiff's injuries, and 3) the bar owner sold the visibly intoxicated person liquor which caused or contributed to his intoxication." *Archer v Burton*, 91 Mich App 57, 60; 282 NW2d 833 (1979).

Notably, to succeed on his or her claim, a plaintiff must present evidence of "actual visible intoxication" at the time of sale. *Reed v Breton*, 475 Mich 531, 534; 718 NW2d 770 (2006); *Heyler v Dixon*, 160 Mich App 130, 145; 408 NW2d 121 (1987). Visible intoxication is determined under an objective standard. *Miller v Ochampaugh*, 191 Mich App 48, 58; 477 NW2d 105 (1991). Specifically, "[a] person is visibly intoxicated when the person's intoxication would be apparent to an ordinary observer." *Id.* "This standard of 'visible intoxication' focuses on the objective manifestations of intoxication." *Reed*, 475 Mich at 542. "[T]he mere fact that the alleged intoxicated person drank alcoholic beverages is not sufficient to establish that he was visibly intoxicated." *Heyler*, 160 Mich App at 145. Circumstantial evidence, including evidence relating to conduct after the sale of alcohol, may be used to establish that a person was visibly intoxicated. *Id.* at 146; *Lasky v Baker*, 126 Mich App 524, 530; 337 NW2d 561 (1983). However,

> [w]hile circumstantial evidence may suffice to establish [visible intoxication], it must be actual evidence of the *visible* intoxication of the allegedly intoxicated

person. Other circumstantial evidence, such as blood alcohol levels, time spent drinking, or the condition of other drinkers, cannot . . . alone demonstrate that a person was *visibly* intoxicated because it does not show what behavior, if any, the person *actually manifested* to a reasonable observer. These other indicia—amount consumed, blood alcohol content, and so forth—can, if otherwise admissible, reinforce the finding of visible intoxication, but they cannot substitute for showing visible intoxication in the first instance. [*Reed*, 475 Mich at 542-543.]

Simply put, permissible inferences supporting a finding of *visible* intoxication "must have some basis in objectively observable behavior." *Reed*, 475 Mich at 542 n 12.

Several cases in Michigan's jurisprudence provide illustrations of behaviors manifesting intoxication that would be visible to an ordinary observer. For example, such objectively observable conduct often includes slurred speech, staggering, "stumbling, weaving, and wobbling," erratic driving, difficulty with basic tasks such as opening a door or using keys, as well as loud and boisterous or aggressive behavior. See, e.g., *Miller*, 191 Mich App at 51-53; *Lasky*, 126 Mich App at 530-531; *Reed*, 475 Mich at 542 n 12. Descriptions of an individual's physical appearance, including observations of "glazed" eyes, half-closed eyes, or a "goofy" face, have also been considered. *Lasky*, 126 Mich App at 531; *Miller*, 191 Mich App at 52.

Turning to the present case, the trial court erred by denying defendant's motion for summary disposition because plaintiff failed to present evidence establishing a material question of fact with regard to whether Bishop appeared visibly intoxicated when served at the Legion. In this respect, plaintiff's supporting evidence consists of three items: (1) plaintiff's deposition testimony, (2) the evidence of the Legion bartender, Shelley Freiberger, and (3) the affidavit of plaintiff's wife, who was also present at the Legion. Viewing this evidence in a light most favorable to plaintiff, given the absence of any objective manifestations by Bishop, reasonable minds could not conclude that Bishop was visibly intoxicated when served alcohol at the Legion.

In particular, at his deposition, plaintiff could point to nothing in Bishop's behavior or demeanor at the Legion, which would demonstrate that Bishop was visibly intoxicated when served. For instance, there was no evidence of slurred speech, glassy or bloodshot eyes, or difficulty with coordination. Cf. *Reed*, 475 Mich at 534. At most, plaintiff noted that Bishop drank a beer at the Legion and that, at the bowling alley earlier in the evening, Bishop smelled of beer and he was "a little loud and obnoxious and huggy." Yet, plaintiff conceded that Bishop's behavior (i.e., his loud, obnoxious, and "huggy" conduct) was "pretty typical" for Bishop, even when Bishop was not drinking. In view of this admission, we fail to see how reasonable minds could consider plaintiff's observations as evidence of Bishop's visible intoxication. Further, the mere fact that Bishop drank beer at the bowling alley as well as at the Legion, and that he consequently smelled of beer, does not create a question of fact because consumption of alcohol alone is not sufficient to show visible intoxication. *Heyler*, 160 Mich App at 145. In short, plaintiff's deposition does not offer evidence from which reasonable minds could conclude that Bishop appeared visibly intoxicated when served at the Legion.

In comparison, Freiberger, the bartender at the Legion, offered evidence that Bishop did not appear intoxicated when he arrived at the Legion. To the contrary, she described Bishop as

appearing "happy" and "normal." Freiberger observed Bishop talking with others, and she noted that he was not slurring his speech. She also noted nothing in this physical behavior that would suggest drunkenness. Indeed, she affirmatively stated that Bishop did not appear intoxicated before being served. In short, before the fight, Freiberger reported that Bishop appeared "normal" and she saw nothing that would suggest he was visibly intoxicated at the time he was served. Cf. *Reed*, 475 Mich at 534-535; *McKnight*, 144 Mich App at 631.

It is true that, based on the physical fight between Bishop and plaintiff as well as Bishop's "out of control" behavior afterwards, Freiberger arrived at the opinion that Bishop was drunk.[2] However, the observable conduct giving rise to Freiberger's conclusion occurred *after* Bishop had already been served at the Legion. While evidence of visible intoxication shortly after service may be relevant as circumstantial evidence of visible intoxication prior to service, *Lasky*, 126 Mich App at 531, we do not think such evidence is sufficient to create a material question of fact when the same witness, who also had the opportunity to observe the intoxicated individual before being served, has expressly indicated that there was no evidence of intoxication beforehand. In other words, Freiberger has not offered evidence of visible conduct after the fact from which it could be inferred that Bishop would have exhibited visible signs of intoxication at the time of service. Cf. *id.* at 530-531; *Heyler*, 160 Mich App at 147. Instead, Freiberger's evidence makes plain that Bishop did not appear intoxicated until after the fight.

Finally, in support of his response to defendant's motion for summary disposition, plaintiff attached an affidavit from his wife, Nancy Mackenzie, who averred that "Bishop was visibly intoxicated when he arrived" at the Legion, and that she "observed [Bishop] consuming a beer at the bar." However, this affidavit is conclusory and insufficient to create a material question of fact. Nancy does not describe any objectively observable behavior that would support her assertion that Bishop was visibly intoxicated. See *Reed*, 475 Mich at 542 n 12. Nancy, like plaintiff and Freiberger, does not claim Bishop was staggering, stumbling, wobbling, weaving, tripping, slurring his words, had glassy or bloodshot eyes, or exhibiting any other physical signs of intoxication. Further, as noted, the mere fact that Bishop consumed a beer at the Legion does not establish that he was "visibly intoxicated." See *Heyler*, 160 Mich App at 145. Thus, the conclusory statements contained in Nancy's affidavit are insufficient to create a genuine question of fact regarding whether Bishop was visibly intoxicated at the time he was served alcohol. See *Kozak*, 499 Mich at 468.

Based on the foregoing, we conclude that plaintiff has not presented evidence that, at the time Bishop was served alcohol at the Legion, he exhibited physical manifestations of

---

[2] Freiberger testified at a deposition. At the behest of plaintiff's wife, she also wrote a statement, indicating that, after Bishop pushed plaintiff, she "realized by his behavior [that] he was drunk." The parties debate the admissibility of this unsworn statement and whether it may be considered in deciding a motion for summary disposition. See *Nuculovic*, 287 Mich App at 61-62. We find it unnecessary to decide this evidentiary issue. The substance of the written statement was confirmed by Freiberger at her deposition, making the written statement merely cumulative. Thus, even if the writing is considered, plaintiff has not established a material question of fact.

intoxication, such that an ordinary observer would have found him to be visibly intoxicated. In responding to defendant's motion, it was plaintiff's burden to bring forth such evidence to establish a material question of fact. *McCoig Materials, LLC*, 295 Mich App at 693; *Nuculovic v Hill*, 287 Mich App at 61-62. Because plaintiff has not met this burden, reasonable minds could not conclude that defendant was in violation of MCL 436.1801(2) by serving Bishop alcohol. Thus, no genuine question of fact existed with regard to defendant's liability under the dramshop act and the trial court erroneously denied defendant's motion for summary disposition. See MCR 2.116(C)(10); *BC Tile & Marble Co, Inc*, 228 Mich App at 582-583.

Reversed and remanded for entry of summary disposition in favor of defendant. We do not retain jurisdiction. Having prevailed in full, defendant may tax costs pursuant to MCR 7.219.

/s/ Joel P. Hoekstra
/s/ Kathleen Jansen
/s/ Henry William Saad